UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 24-CV-14287-RAR

**HARLEY HREJN**,

    Plaintiff,

v.

**CENTURION MEDICAL GROUP
and SECRETARY, FLORIDA
DEPARTMENT OF CORRECTIONS**,

    Defendants.
_____/

## ORDER DISMISSING COMPLAINT

**THIS CAUSE** comes before the Court on Plaintiff Harley Hrejn's *pro se* Amended Complaint Under the Civil Rights Act, 42 U.S.C. § 1983, [ECF No. 9], and Application to Proceed in District Court Without Prepaying Fees or Costs, [ECF No. 11]. On September 8, 2024, the Court ordered Plaintiff to file an amended complaint with "a complete list of her prior litigation history[.]" Order to Amend, [ECF No. 8] at 5. The Court explained that "Plaintiff's failure to disclose her litigation history in full will result in dismissal of the Complaint as malicious." *Id.* at 3 (citation omitted). In the Amended Complaint, Plaintiff's self-disclosed litigation history is materially incomplete without an acceptable justification. *See* Amended Complaint at 5–8. For the following reasons, this case must be **DISMISSED without prejudice** as malicious.

## LEGAL STANDARDS

A federal court is required to conduct an initial screening of all complaints filed by prisoners and plaintiffs proceeding *in forma pauperis*. 28 U.S.C. §§ 1915A(a), 1915(e)(2); *Taliaferro v. United States*, 677 F. App'x 536, 537 (11th Cir. 2017) ("[D]istrict courts have the

power to screen complaints filed by all IFP litigants, prisoners and non-prisoners alike.") (citing *Rowe v. Shake,* 196 F.3d 778, 783 (7th Cir. 1999)). During the initial screening, the court must identify any cognizable claims in the complaint. 28 U.S.C. § 1915A(b). Complaints must also substantially follow either the form appended to the Federal Rules of Civil Procedure, a form prescribed by a local district court rule, or a form provided by the court. *See* FED. R. CIV. P. 2.

*Pro se* litigants should ordinarily be afforded an opportunity to amend. *See Mederos v. United States*, 218 F.3d 1252, 1254 (11th Cir. 2000). However, failure to adhere to procedural rules or court orders, of course, provides grounds for dismissal. *See Brutus v. Int'l Equity Lifestyle Props, Inc. v. Fla. Mowing & Landscape Serv., Inc.*, 556 F.3d 1232, 1240–41 (11th Cir. 2009) (explaining that dismissal of the action may be severe but warranted when the grounds for dismissal were previously notified). Indeed, *pro se* litigants are not exempt from procedural rules. *See McLeod v. Sec'y, Fla. Dep't of Corr.*, 679 F. App'x 840, 843 (11th Cir. 2017). Furthermore, pleadings must be verified—which is to say, signed and dated under penalty of perjury—pursuant to Local Rule 88.2. Lying under oath, either live or "on paper," can subject plaintiffs to future criminal prosecution for giving a false statement. *See generally United States v. Roberts*, 308 F.3d 1147, 1155 (11th Cir. 2002) (showing a defendant who falsely subscribed to statements in a habeas petition resulted in a perjury prosecution).

## **ANALYSIS**

As a preliminary matter, *sua sponte* review of this case revealed that transfer to this District was inappropriate. Venue in civil-rights actions is governed by 28 U.S.C. § 1391(b). *See New Alliance Party of Ala. v. Hand*, 933 F.2d 1568, 1570 (11th Cir. 1991). Venue is proper in a judicial district "in which any defendant resides" or in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred[.]" 28 U.S.C. § 1391(b)(1)–(2).

On September 3, 2024, a judge in the Middle District of Florida transferred Plaintiff's case to this District. *See* Order [ECF No. 5]. Because Plaintiff alleged that the actions giving rise to her claim took place at Avon Park Correctional Institution, the case was transferred on the reasonable grounds that Avon Park C.I. is in Highlands County, which is in the Southern District of Florida. *See id.* at 2. However, Avon Park C.I. is located at 8100 County Hwy-64 E, Avon Park, Florida, 33825, in Polk County, which is in the Middle District of Florida. Here, because Avon Park C.I. is where a "substantial part of the events . . . giving rise to the claim[s] occurred," Plaintiff properly filed her original complaint in the Middle District, and venue is improper here.[1] 28 U.S.C. § 1391(b)(2).

Where venue is improper, the court can either dismiss the action without prejudice or, "in the interest of justice," transfer the case to the proper venue under 28 U.S.C. § 1406(a). *See Robey v. JPMorgan Chase Bank, N.A.*, 343 F. Supp. 3d 1304, 1313 (S.D. Fla. 2018) (citation omitted). The Court recognizes that Plaintiff's original choice of forum was proper and that transfers, as opposed to dismissals, are generally preferred because they "more efficiently advance 'the expeditious and orderly adjudication of cases and controversies.'" *Green v. Duffy*, No. 22-22514, 2022 WL 3279543, at *3 (S.D. Fla. Aug. 11, 2022) (cleaned up; quoting *Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 466–67 (1962)). As explained below, however, transfer at this juncture of the proceedings is not in the interest of justice because the transferee court would acquire a malicious action that warrants dismissal.[2] *Cf. Emrit v. Sec'y, United States Dep't of Educ.*, 829 F. App'x

---

[1] Plaintiff maintains that the actions giving rise to her claims occurred at "Avon Park C.I." Am. Compl. at 4.

[2] The Court also notes that Plaintiff has not objected to venue in this District. *See generally* Am. Compl.

474, 478 (11th Cir. 2020) ("[B]ecause Emrit's claims were frivolous and an abuse of [the] judicial process, the district court appropriately declined to transfer this case to a different venue.").

"An action is malicious when a prisoner misrepresents his prior litigation history on a complaint form requiring disclosure of such history and signs the complaint under penalty of perjury." *Allen v. Santiago*, No. 22-11946, 2023 WL 5745494, at *1 (11th Cir. Sept. 6, 2023). When a plaintiff fails to fully disclose her litigation history, a district court is entitled to dismiss the complaint. *See Jenkins v. Hutcheson*, 708 F. App'x 647, 648 (11th Cir. 2018). When ordering Plaintiff to file an amended complaint on the appropriate form, the Court stated, "where the form asks plaintiffs to disclose all prior civil suits and related information, Plaintiff must do so truthfully *and completely*[.]" Order to Amend at 3 (emphasis added). The Court expressed further that "[e]ven if Plaintiff does not have a complete file of her prior cases, this does not excuse Plaintiff from the obligation to try to provide the court with a complete litigation history." *Id.* The Court was "reasonable" to require Plaintiff to do so. *McLeod*, 679 F. App'x at 843.

In the Amended Complaint, Plaintiff half-heartedly references three cases across the state that she brought in federal court, *see* Am. Compl. at 6–8, which have each been dismissed. *See* Order Adopting Report, *Hrejn v. Dixon*, No. 23-CV-00296 (N.D. Fla. Sept. 29, 2023), ECF No. 13; Amended Judgment, *Tennant v. Sec'y, Fla. Dep't of Corr.*, No. 17-CV-00866 (M.D. Fla. Sept. 8, 2020), ECF No. 30; Order Granting Summary Judgment, *Rayne v. Sec'y, Dep't of Corr.*, No. 21-CV-14013 (S.D. Fla. Feb. 17, 2023), ECF No. 122. With little identifying information, Plaintiff also mentions an active state-court case of hers. *See* Am. Compl. at 8; *Hrejn v. Dixon*, No. 2024-CA-000807 (Fla. Cir. Ct. 2024).[3]

---

[3] The ongoing status of Plaintiff's state-court proceeding is available at https://cvweb.leonclerk.com/public/online_services/search_courts/search_by_name.asp (search Case No. 2024 CA 000807).

But Plaintiff failed to disclose <u>another</u> ongoing action she maintains in the Northern District of Florida. *See generally* Docket, *Hrejn v. Dixon*, 24-CV-00382 (N.D. Fla. 2024). Plaintiff originally filed this case on August 6, 2024, in the Middle District of Florida—the <u>same</u> day Plaintiff initiated the case presently before the Court.[4] *Compare* Complaint, *id.* (N.D. Fla. Aug. 12, 2024), ECF No. 1 at 12, *with* Complaint, [ECF No. 1] at 7. Plaintiff's failure to disclose her Northern District case is particularly troubling, considering it was brought against one of the instant Defendants—Secretary Ricky Dixon—with yet another alleged Eighth Amendment violation.[5]

On September 27, 2024, the Court ordered Plaintiff to show cause why this case should not be dismissed for her failure to disclose her active case in the Northern District. *See* Order to Show Cause, [ECF No. 12]. Plaintiff's response does not persuade. *See* Notice of Cause, [ECF No. 16]. To start, Plaintiff says she did not disclose the case because she assumed that her present cases "would be consolidated," and she "has become so confused . . . that she can't even find her copy of her submitted litigation history for this case." *Id.* at 1. The possibility of consolidation bears no relationship to her duty to disclose a case she currently maintains against one of the Defendants in another court. "It is the prisoner's responsibility, not the court's, to discover and fully disclose his or her litigation history." *Battle v. Speer*, No. 20-CV-5494, 2022 WL 3110135, at *2 (N.D.

---

[4] Under the prison mailbox rule, "a *pro se* prisoner's court filing is deemed filed on the date that he delivered it to prison authorities for mailing," and we assume "that a prisoner delivered a filing to prison authorities on the date that he signed it." *Daniels v. United States*, 809 F.3d 588, 589 (11th Cir. 2015) (quotation marks and citation omitted).

[5] Plaintiff's action in Case No. 24-CV-00382 alleges that Defendant violated the Eighth Amendment by refusing to house Plaintiff in a female incarceration facility. *See* Complaint, *Hrejn v. Dixon*, 24-CV-00382 (N.D. Fla. Aug. 12, 2024), ECF No. 1 at 11. In the instant action, Plaintiff alleges that both Defendants violated the Eighth Amendment by, among other things, refusing to provide her with gender-transitioning surgery. *See* Am. Compl. at 2.

Fla. July 6, 2022), *report and recommendation adopted*, 2022 WL 3101576 (N.D. Fla. Aug. 4, 2022). And any "alleged misunderstanding . . . does not alleviate [her] of that responsibility." *Ingram v. Warden*, 735 F. App'x 706, 707 (11th Cir. 2018).

Plaintiff then deflects, saying that because her case in the Northern District was filed the same day as this lawsuit, she "had no information to provide" the Court "at that time." Notice of Cause at 2. This explanation is deceptive. Plaintiff was ordered to disclose her litigation history when filing an <u>amended</u> complaint, which she signed on September 17, 2024—<u>well after</u> her case in the Northern District was filed. *See* Am. Compl. at 3. Plaintiff's willingness to disclose an ongoing state court case clearly reflects her understanding of the need to disclose <u>all</u> pending litigation. This requirement falls plainly within the complaint form's disclosure requests, *i.e.*, "*Have you filed* lawsuits in state or federal court otherwise relating to the conditions of your imprisonment?" *Id.* at 6 (emphasis added); "Is the case *still pending*?" *Id.* at 8 (emphasis added). And Plaintiff is well familiar with this obligation, as one of her cases was dismissed for failure to disclose her litigation history. *See generally* Order Adopting Report, *Hrejn v. Dixon*, No. 23-CV-00296 (N.D. Fla. Sept. 29, 2023), ECF No. 13.

Therefore, the Court finds that Plaintiff's assurances do not justify her failure to disclose an ongoing federal court case against one of the Defendants alleging the same constitutional violation. *See Redmon v. Lake Cnty. Sheriff's Off.*, 414 F. App'x 221, 226 (11th Cir. 2011) ("The district court did not abuse its discretion in concluding that Plaintiff's explanation for his failure to disclose the Colorado lawsuit . . . did not excuse the misrepresentation and that dismissal without prejudice was a proper sanction."). The Court duly warned Plaintiff that "*pro se* litigants are not exempt from procedural rules." Order to Amend at 2 (citation omitted); *see also McLeod*, 679 F. App'x at 843. Accordingly, this action is due to be dismissed as malicious.

## CONCLUSION

Based on the foregoing, it is hereby **ORDERED AND ADJUDGED** that the Amended Complaint, [ECF No. 9], is **DISMISSED** *without prejudice* as malicious.  Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs, [ECF No. 11], is **DENIED as moot**.  All deadlines, if any, are **TERMINATED**.  This case is **CLOSED**.

**DONE AND ORDERED** in Miami, Florida, this 18th day of October, 2024.

_____
**RODOLFO A. RUIZ II**
**UNITED STATES DISTRICT JUDGE**

cc:    Harley Hrejn
       983295
       Wakulla Correctional Institution-Annex
       Inmate Mail/Parcels
       110 Melaleuca Drive
       Crawfordville, FL 32327
       PRO SE